**Case No. 23-30291**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

PLAQUEMINES PARISH,
PLAINTIFF – APPELLEE

LOUISIANA STATE, EX REL. JEFF LANDRY, ATTORNEY GENERAL;
LOUISIANA STATE, THROUGH THE LOUISIANA DEPARTMENT OF NATURAL
RESOURCES OFFICE OF COASTAL MANAGEMENT AND ITS
SECRETARY, THOMAS F. HARRIS,
INTERVENORS - APPELLEES

CHEVRON USA, INCORPORATED, AS SUCCESSOR IN INTEREST TO GULF OIL
CORPORATION AND THE CALIFORNIA COMPANY; CHEVRON USA HOLDINGS,
INCORPORATED, AS SUCCESSOR IN INTEREST TO GETTY OIL COMPANY,
TEXAS E&P INCORPORATED, TIDE WATER ASSOCIATED OIL COMPANY,
TIDEWATER OIL COMPANY AND TEXACO PRODUCING, INCORPORATED;
BP AMERICA PRODUCTION COMPANY, AS SUCCESSOR IN INTEREST TO PAN
AMERICAN PETROLEUM CORPORATION,
DEFENDANTS – APPELLANTS

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
CIVIL ACTION NO. 2:18-CV-5215

_____

**JOINT MOTION OF PLAINTIFFS-APPELLEES AND INTERVENORS
TO LIFT AND VACATE STAY ORDER**

*Attorneys for Plaintiff-Appellee, Parish of Plaquemines*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
Michael L. Heaton (38773)
TALBOT, CARMOUCHE &
MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

W. Peter Connick (14158)
CONNICK AND CONNICK
3421 N. Causeway Blvd., Ste. 408
Metairie, LA 70002
Telephone: (504) 838-8777
Fax: (504) 838-9903

Phillip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA
& TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

Bruce D. Burglass, Jr. (1411)
André C. Gaudin (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

*Attorneys for Intervenor-Appellee, State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris*

   J. Blake Canfield (30426)
   Executive Counsel
   Donald W. Price (19452)
   Special Counsel
   DEPARTMENT OF NATURAL RESOURCES
   Post Office Box 94396
   Baton Rouge, LA 70804

*Attorney for Intervenor-Appellee, the State of Louisiana, Ex Rel. Jeff Landry Attorney General*

   Ryan M. Seidemann, (28991)
   Assistant Attorney General
   Louisiana Department of Justice
   1185 North 3rd Street
   Baton Rouge, LA 70802
   Telephone: (225) 326-6085
   Fax: (225) 326-6099

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**PLAINTIFF - APPELLEE**:

Parish of Plaquemines

**COUNSEL FOR PLAINTIFF – APPELLEE**:

Attorneys for the Parish of Plaquemines:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen III
Brian T. Carmouche
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Christopher D. Martin
Michael L. Heaton
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

Philip F. Cossich Jr.
Darren Sumich
David A. Parsiola
Brand J. Taylor
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648

W. Peter Connick
CONNICK AND CONNICK
3421 N. Causeway Blvd., Ste. 408
Metairie, LA 70002

Bruce D. Burglass, Jr.
André C. Gaudin
Scott O. Gaspard
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602

## INTERVENORS-APPELLEES:

State of Louisiana, *ex rel.* Jeffrey Martin Landry, Attorney General; and

State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris

## COUNSEL FOR INTERVENORS- APPELLEES:

Attorneys for the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris:

J. Blake Canfield,  Executive Counsel
Donald W. Price, Special Counsel
DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804

<u>Attorney for the State of Louisiana, *ex rel.* Jeff Landry Attorney General</u>*:*

Ryan M. Seidemann, Assistant Attorney General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, LA 70802

## DEFENDANTS - APPELLANTS:

BP Products North America, Inc.

Chevron U.S.A., Inc.

Chevron U.S.A. Holdings Inc.

## COUNSEL FOR DEFENDANTS - APPELLANTS:

<u>Attorneys for Chevron U.S.A. Inc., and Chevron U.S.A. Holdings Inc.</u>

Peter D. Keisler
Jennifer J. Clark
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

Alexandra White
Eric J. Mayer
Johnny W. Carter
SUSMAN, GODFREY, L.L.P.
1000 Louisiana St., Ste. 5100
Houston, TX 77002-5096

Charles S. McCowan, III
Pamela R. Mascari
KEAN MILLER LLP
II City Plaza
400 Convention St., Ste. 700
Baton Rouge, LA 70821

Michael R. Phillips
Claire E. Juneau
KEAN MILLER LLP
909 Poydras St., Ste. 3600
New Orleans, LA 70112

Attorneys for BP Products North America, Inc.:

George Arceneaux III
Brian W. Capell
LISKOW & LEWIS, APLC
1200 Camellia Blvd., Ste. 300
Lafayette, LA 70508

Nancy G. Milburn
Jennifer Kwapisz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

## DEFENDANTS

Freeport-Sulphur Company

LLOG Exploration & Production Company, L.L.C.

## COUNSEL FOR DEFENDANTS

Attorneys for Freeport-Sulphur Company:

Carl D. Rosenblum
Covert J. Geary
Alida C. Hainkel
Lauren C. Mastio
JONES WALKER L.L.P.
201 St. Charles Ave., Ste. 5100
New Orleans, LA 70170-5100

Attorneys for LLOG Exploration & Production Company, LLC:

Douglas C. Longman, Jr.
Carmen M. Rodriguez
JONES WALKER L.L.P.
600 Jefferson Street, Suite 1600
Post Office Drawer 3408
Lafayette, LA 70502-3408

Grady S. Hurley
JONES WALKER L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, LA 70170

        */s/ Victor L. Marcello*
        *Attorney of Record for Plaintiff-Appellee,*
        *Parish of Plaquemines*

COME NOW plaintiffs, the Parish of Plaquemines and State of Louisiana *ex rel.* Parish of Plaquemines; plaintiff-intervenor, the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris; and plaintiff-intervenor, the State of Louisiana *ex rel.* Jeff Landry, Attorney General (collectively "Plaintiffs"), to move this Court for an order lifting and vacating the district court's stay order pending appeal. This stay should be lifted and vacated for the following reasons:

## I. INTRODUCTION AND RELEVANT BACKGROUND

This suit is one of thirty suits filed in state courts in Louisiana's Eastern District by the State of Louisiana and the parishes of Plaquemines and Jefferson under Louisiana's State and Local Coastal Resources Management Act of 1978, La. R.S. 43:214.21 *et seq* (hereinafter "SLCRMA"). These suits seek damages and other relief from numerous oil and gas defendants based on their violations of "coastal use permits," or their failure to obtain such permits when required. In 2013, all thirty suits were unsuccessfully removed to the Eastern District on grounds of federal question, maritime, and diversity jurisdiction.

After remand, five trials were scheduled in the Plaquemines Parish cases, beginning in early 2019. In May, 2018, however, Defendants again removed all thirty Eastern District cases on grounds of federal question and federal officer jurisdiction.

The Eastern District designated *Plaquemines v. Riverwood,* 2:18-cv-5217, E.D. La., which was assigned to the late Judge Feldman, as the lead case. The remaining twenty-nine cases were stayed pending the outcome in *Riverwood.* Judge Feldman ordered remand in *Riverwood,* and Defendants appealed. This Court affirmed Judge Feldman's finding that federal question jurisdiction was absent, but remanded the case back to Judge Feldman for reconsideration of federal officer jurisdiction in light of *Latiolais*.[1] After reconsideration, Judge Feldman reaffirmed his previous remand order.[2] This Court then affirmed Judge Feldman's ruling.[3]

After remand in *Riverwood*, Judge Fallon lifted the stay in the present case and ordered remand,[4] and a letter transmitting jurisdiction to state court under 28 U.S.C.§ 1447(c) was mailed.[5] Defendants moved for reconsideration[6] and a stay pending reconsideration.[7] Judge Fallon ***denied*** reconsideration, but in the same order granted a stay pending appeal despite the fact that jurisdiction had already been shifted back to the state court under 28 U.S.C.§ 1447(c).[8] Plaintiffs' subsequent motion to lift the

---

[1]*Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021).
[2]*Par. of Plaquemines v. Riverwood Prod. Co.*, CV 18-5217, 2022 WL 101401 (E.D. La. Jan. 11, 2022).
[3]*Plaquemines Par. v. Chevron USA, Inc.*, 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022), cert. denied, 143 S. Ct. 991 (2023).
[4]Exhibit 1.
[5]Exhibit 2.
[6]Exhibit 3.
[7]Exhibit 4.
[8]Exhibit 5.

stay was denied.[9]

Plaintiffs are entitled to an order lifting the stay pending appeal because: (1) Judge Fallon did not have jurisdiction to enter a stay pending appeal after his remand order was executed under 28 U.S.C.§ 1447(c); and (2) Judge Fallon's stay order does not satisfy the legal requirements for a stay pending appeal.

## II.     THE DISTRICT COURT LACKED JURISDICTION TO ORDER A STAY PENDING APPEAL

Section 1447(c) provides that after a remand order is issued, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."  In *Arnold v. Garlock, Inc.*, this Court held that Section 1447(c) "creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. . . . Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction."[10] In this case, the district court's remand order was executed under Section 1447(c) on the same day it was entered, thereby vesting the state court with jurisdiction.  The district court is without jurisdiction to stay a remand order that has already been executed unless and until that order is reversed or vacated.

---

[9]*See* Motion to Lift Stay, Exhibit 6, and denial of Motion to Lift Stay, Exhibit 7.
[10] 278 F.3d 426, 438 (5th Cir. 2001).

## II. THE MAILING OF A CERTIFIED ORDER CONFERS JURISDICTION ON THE STATE COURT

In *Meyers v. Chesterson*, the defendants, as here, filed a notice of removal premised on federal officer jurisdiction. Judge Fallon granted remand and the clerk mailed the remand order to the state court. The defendants then moved for reconsideration, and after the motion was denied, moved for a stay pending appeal. Citing *Arnold v. Garlock, Inc.*, *supra,* Judge Fallon found that he had no jurisdiction to order a stay: "[T]he Court is divested of its jurisdiction to issue a stay in this case as the clerk of this Court forwarded a certified copy of the remand order to the state court."[11]

In the present case, Judge Fallon ordered remand and the clerk issued a letter transmitting jurisdiction to state court. Defendants' motion for reconsideration was denied. But this time, Judge Fallon, despite his previous ruling in *Meyers,* stayed his remand order pending appeal. Plaintiffs moved to lift the stay on grounds that the district court was without jurisdiction to enter a stay.[12] In his opinion denying the motion to lift the stay, Judge Fallon avoids any mention of *Meyers*. Quoting *In re*

---

[11]Civ. A. 15-292, 2015 WL 3797139, at *3 (E.D. La. June 18, 2015) (Fallon, J.). Other cases finding no jurisdiction to stay after execution of a remand order include: *Rivera Perez v. Massachusetts Gen. Hosp.*, 193 F.R.D. 43, 45 (D.P.R.2000); and *SFA Grp., LLC v. Certain Underwriters at Lloyd's,* 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017), citing Anti-Injunction Act in refusing to "recall" letter to state clerk.

[12]Exhibit 6.

*Shell Oil Co.*,[13] he reasoned that "[t]he Fifth Circuit has long recognized that 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to *review its own order, and vacate or reinstate that order*.' [] Consistent with this <u>principle</u>, if a district court may review or vacate its remand order, <u>it is also within the Court's power to stay that order</u>" (underscoring added).[14]

Judge Fallon's opinion distorts the basic "principle" announced in *In re Shell*. This "principle" requires the district court to "vacate" a remand order to re-acquire subject matter jurisdiction. Judge Fallon did not "vacate" his previous remand order when he denied Defendants' motion for reconsideration. He simply denied the motion. Subject matter jurisdiction over the merits of a case is required to stay a determination of the merits, whereas jurisdiction to review a remand order is limited to review of the order until such time as the order is reversed or vacated.[15] State courts commonly exercise subject matter jurisdiction in federal officer cases while remand orders are reviewed under Section 1447(d).[16]

Citing *In re Digicon Marine, Inc.* and *Shapiro v. Logistec USA, Inc.*, Judge Fallon notes that "the Fifth Circuit, among others, has held that where a remand order

---

[13]932 F.2d 1523, 1528 (5th Cir. 1991).

[14]Exhibit 7.

[15]14C Charles Alan Wright, *et al.,* Federal Practice and Procedure § 3739, at 907 (4th ed. 2009).

[16]*See* discussion of the *Zeringue, Savoie*, and *Legendre* cases, *infra*, pp. 13-14.

is reviewable under 28 U.S.C. § 1447—which the parties do not contest is the case here—certification and mailing of the remand order does not deprive the federal court of jurisdiction."[17] *In re Digicon Marine, Inc.*, a case involving a reviewable remand order *based on a defect in removal procedure*, merely parrots *In re Shell*'s finding that when a remand is reviewable on appeal, "a district court has jurisdiction to review its own order, and vacate or reinstate that order."[18] *In re Digicon Marine, Inc.* involves the question of whether a district court has *jurisdiction to review a reviewable remand order* after a certified letter transmitting jurisdiction has been mailed.[19] The district court's jurisdiction to stay or enjoin an executed remand order was not at issue.

*Shapiro* merely holds that the issuance of a letter transmitting jurisdiction to state court does not deprive a federal court of jurisdiction to review a remand order when the order is based on a procedural defect. The Second Circuit in *Shapiro* held that "if the remand *is not* on section 1447(c) grounds [*i.e.*, lack of subject matter jurisdiction], and therefore section 1447(d) *does not apply*, then the mailing of the

---

[17]*See* opinion denying motion to lift stay, Exhibit 7.

[18]*In re Digicon Marine, Inc.*, 966 F.2d 158, 161 (5th Cir.1992).

[19]*Id. at* 160–61 (5th Cir.1992) ("Although we had previously stated that the district court was divested of jurisdiction once it mailed the remand order to the state court, *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984), we clarified in *Shell Oil II*, 932 F.2d at 1528, that where remand is reviewable on appeal 'a district court has jurisdiction to review its own order, and vacate or reinstate that order.'").

remand order to the state court does not strip the federal court of jurisdiction."[20] Here, the remand order is based on a lack of subject matter jurisdiction, and Defendants obviously concede that section 1447(d) *does apply* (otherwise, they would have no right to appeal). Like *In re Shell, Shapiro* involved a motion for remand based on a procedural defect.

The district court confuses the jurisdiction of district and appellate courts to review remand orders with the jurisdiction of these courts to stay or enjoin executed remand orders that have conferred subject matter jurisdiction on state courts. The district court would have had jurisdiction to issue a stay had it vacated its remand order based on its "review" pursuant to Defendants' motion for reconsideration. This it did not do.

Furthermore, the district court's reliance on *In re Shell*, *In re Digicon Marine, Inc.,* and *Shapiro* ignores the express limitations of these cases. This Court in *In re Shell* cautions that "[h]ere, as in the companion case, we limit our holding to cases in which the remand motions were not timely, and in which the remand orders were not

---

[20]*Shapiro v. Logistec USA, Inc*., 412 F.3d 307, 312 (2d Cir.2005) (emphasis added). This sentence in *Shapiro* is ambiguous. Was the Second Circuit referring to jurisdiction to review the remand order, or subject matter jurisdiction? The context suggests that it was referring simply to jurisdiction to review. The opinion begins: "We confront here the issues of 1) under what circumstances we may review a district court's order remanding a diversity action to state court, 2) when a district court may reconsider its own remand motion, . . ." 412 F.3d at 308. In any event, this Court in *Arnold v. Garlock* states: "Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction." 278 F.3d 426, 438 (5th Cir. 2001).

based on lack of subject matter jurisdiction."[21] In *Shapiro*, the Second Circuit cautions that "[b]ecause section 1447(d) does not apply, it also follows that the district court was mistaken in its determination that the remand order was not reviewable because of section 1447(d)'s 'or otherwise' language."[22] *In re Digicon* merely addresses the district court's jurisdiction to review a remand order based on a procedural defect. Simply put, *In re Shell*, *Shapiro* and *In re Digicon* are all procedural defect cases that uphold the district court's jurisdiction to review remand orders not based on subject matter jurisdiction. While these cases might support a district court's jurisdiction to issue a stay after vacatur of its own remand order in a procedural defect case, they offer no support for the issuance of a stay of a reviewable executed remand order based on a lack of subject matter jurisdiction that has not been vacated.

The reviewability of a remand order based on lack of subject matter jurisdiction is governed by 28 U.S.C. §1447(d), and the execution of a remand order based on lack of subject matter jurisdiction is governed by 28 U.S.C. §1447(c). Certainly, federal officer remand orders are reviewable under Section 1447(d), but such orders are routinely executed pending review.[23] This Court in *In re Shell* instructs that

---

[21]*In re Shell Oil Co.*, 932 F.2d 1523, 1526 (5th Cir.1991).
[22]*Shapiro,* 412 F.3d 307, 314.
[23]*See* discussion of *Zeringue, Savoie,* and *Legendre, infra,* pp. 13-14.

Section 1447(d) "must be read in conjunction with" Section 1447(c).[24] Section 1447(c) unequivocally vested the state court with subject matter jurisdiction once the certified remand order was mailed in this case. "[A] remand is effective when the district court mails a certified copy of the remand order to the state court. . . . The effectiveness of a remand order . . . does not, however, prevent a federal appellate court from reviewing a remand order that is appealable."[25] As noted, *In re Digicon Marine, Inc., Shapiro*, and *In re Shell* address the question of the district court's *jurisdiction to review executed remand orders* based on defects in removal procedure, but do not address the issue presented here, to wit, the propriety of a stay of an executed remand order that has not been vacated. Defendants can cite no case where an executed remand order based on lack of subject matter jurisdiction has been found to have no "legal effect" ***under circumstances where a district or appellate court has not vacated or reversed the remand order.***

Judge Fallon's ruling also departs from other Eastern District precedent. In *City of New Orleans, by & through New Orleans Aviation Bd. v. Nat'l Serv. Cleaning Corp*., Judge Duval issued a reviewable remand order and the clerk then mailed a certified copy of the order to the state court. Citing *In re Shell Oil Co*., Judge Duval

---

[24] *In re Shell Oil Co.,* 932 F.2d 1518, 1520 (5th Cir. 1991).
[25] 14C *Federal Practice and Procedure* § 3739, at 907 (4th ed. 2009).

then reconsidered his remand order, refused to reverse it, and denied a request to stay pending appeal, noting that: "NSC seeks to 'stay' something that has already occurred and *would require an injunction* issued by this federal court prohibiting the state court from proceeding with this case. This Court is not empowered to do."[26] Stated differently, Judge Duval found that his exercise of jurisdiction to enter a stay required that he vacate his previously executed remand order before issuing the stay.

## III.   INJUNCTION OR STAY ?

The district court declares that its stay order is not an injunction. Judge Fallon wrote: "[T]his Court's stay of its own remand order is just that: a stay of its own remand order, not an injunction. The Court's stay simply halts the legal effect of the Court's own remand order; it does not order the state court to stay any proceedings. Accordingly, the Anti-Injunction Act is inapplicable."[27]  Not so.

A "stay" temporarily *suspends* judicial alteration of the *status quo*.[28] When Judge Fallon stayed his remand order, the *status quo* was that the remand order had already been executed and the state court was vested with subject matter jurisdiction.

---

[26]Civ. A. 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997) (emphasis added).

[27]*See* footnote 1 of the opinion denying the motion to lift stay, Exhibit 7. One can only imagine the confusion of a state court judge told that the remand order has been properly executed but yet has no "legal effect."

[28]*Turner Broad. Sys., Inc. v. F.C.C.*, 507 U.S. 1301 (a stay "temporarily suspends 'judicial alteration of the status quo'"); *Nken v. Holder*, 556 U.S. 418, 429 (2009), quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC,* 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers).

By "halt[ing] the legal effect" of his executed remand order, Judge Fallon did not *suspend* the alteration of the *status quo*. Rather, he unequivocally altered the *status quo*. It is well established that a stay order cannot alter the *status quo*, but an injunction can.[29] Clearly, Judge Fallon's stay order as interpreted by Judge Fallon is in fact an injunction because the "legal effect" of his order is to *"stay proceedings in a State court."* (quoting 28 U.S.C. § 2283) The Anti-Injunction Act, 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction *to stay proceedings in a State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In *City of New Orleans, supra,* Judge Duval recognized that staying without vacating an executed remand order would necessarily require an injunction that is prohibited by the Anti-Injunction Act.

## IV.    THE STATE COURT CANNOT BE ENJOINED

In *Gibbs v. Lufkin Industries, Inc.*, this Court vacated injunction orders staying state law claims that the federal district court had previously remanded, holding that none of the exceptions to the Anti-Injunction Act applied.[30] The federal district court in *Gibbs* dismissed the plaintiffs' federal claims and some of their state law claims,

---

[29]*See also Turner Broadcasting System, supra,* at 1302 (1993) ("By seeking an injunction, applicants request that I issue an order altering the legal status quo").

[30]487 Fed. App. 916, 2012 WL 3892555 (5th Cir. 09/07/2012).

remanded the remaining state law claims, and then enjoined the state court from litigating the remanded state claims. This Court vacated the district court's order enjoining the plaintiffs from pursuing their remanded claims, noting that where "there ha[d] been no ruling by us that the district court erred in remanding the plaintiffs' state law claims to the state court . . ., the state court's assumption of jurisdiction" justified vacating the injunction order imposing a stay.[31]  Under *Gibbs*, either the district court or this Court would have to reverse the remand order for subject matter jurisdiction to be shifted back from state to federal court. Until the remand order is reversed or vacated, the Anti-Injunction Act bars any injunction staying state proceedings.

The Anti-Injunction Act is "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."[32] The exceptions to the Anti–Injunction Act are narrowly construed, and are not to "be enlarged by loose statutory construction."[33]

Regarding the "necessary in aid of its jurisdiction exception," the "'general rule remains . . . that an injunction cannot issue to restrain a state action *in personam*

---

[31] *Id.* at 920, **3.
[32] *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 630 (1977).
[33]*Smith v. Bayer Corp.,* 131 S.Ct. 2368, 2375.

involving the same subject matter from going on at the same time.'"[34] In *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Engineers,*[35] the Supreme Court explained that the "necessary in aid of" language in the Anti-Injunction Act "implies something similar to the concept of injunctions to 'protect or effectuate' judgments." The exceptions to the Anti-Injunction Act are intended "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."[36] This Court has held that "[i]n no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.[37] Since Plaintiffs do not challenge the jurisdiction of the district court or this Court to review the remand order at issue, the state court's exercise of its jurisdiction will in no way impair federal judicial authority.

In *Zeringue v. Crane Co.,*[38] a federal officer removal case, the remand order was mailed to the state court the day after it was signed.[39] The district court denied

---

[34] *Gibbs v. Lufkin Industries,* 487 Fed. Appx. 916, 920 (5th Cir. Sept.7, 2012), quoting 17A Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 4425 (3d ed. Apr. 2012).

[35] 398 U.S. 281, 295 (1970).

[36] *Id.*

[37] *State of Texas v. U.S.,* 837 F.2d 184, 186 n. (5th Cir. 1988), cert. denied, 488 U.S. 821 (emphasis added); *Royal Ins. Co. of America,* 960 F.2d 1286, 1298 (5th Cir. 1992).

[38] 846 F.3d 785 (5th Cir. 2017).

[39] USDC, E.D. La., Docket No. 15-4516, Docs. 20, 20-1.

motions for reconsideration and a stay.[40] While the case was pending in this Court, extensive proceedings were conducted in state court.[41] After this Court reversed the remand order, the district court again exercised its subject matter jurisdiction.[42] Similarly, in *Savoie v. Huntington Ingalls,*[43] another federal officer removal, the district court granted remand and the clerk mailed the remand order the same day. This Court reversed and vacated the remand order. During the twelve months the case was on appeal, numerous filings were made in state court, including several motions for summary judgment and other motions.[44] In *Legendre v. Huntington Ingalls, Inc.,*[45] remand was granted and the remand order was mailed the same day. The district court denied a motion to stay, and this Court twice denied motions to stay. Eleven months later, this Court affirmed the remand order. During these eleven months, the parties proceeded to trial in state court. This Court affirmed the remand order just seven days before the scheduled trial.[46] *Zeringue, Savoie*, and *Legendre* prove beyond any doubt that the denial of injunctive relief will not "seriously impair [this Court's] flexibility and authority to decide [this] case."[47]

---

[40] *Id*. at Doc. 26.

[41] *See Zeringue* state court docket sheet, Exhibit 8.

[42] *Zeringue v. Crane Company,* 846 F.3d 785 (5th Cir. 2017).

[43] 817 F.3d 457 (5th Cir.2016).

[44] *See* USDC, E.D. La., No. 2:15-cv-1220, Doc. 31-1 (letter to clerk dated 6/8/15) and Doc. 43 (USCA Judgment dated 5/27/16), and *Savoie* state court docket sheet, Exhibit 9.

[45] 885 F.3d 398, 399 (5th Cir. 2018).

[46] *See* USDC, E.D. La., No. 2:17-cv-02162, Doc. 23-1 (remand letter dated 4/25/17) and Doc. 35 (USCA affirming remand, dated 4/13/18), and *Legendre* state court docket sheet, Exhibit 10.

[47] Quoting *Atl. Coast Line R.R. Co., supra,* at 295.

The expressly authorized exception to the Anti-Injunction Act does not apply. No Act of Congress authorizes an injunction under the present facts. In fact, Congress has expressly authorized the transfer of jurisdiction to state court under Section 1447(c). The Anti-Injunction Act's relitigation exception authorizes injunctions only when a former federal adjudication clearly precludes a state-court decision.[48] The district court has only determined the issue of federal jurisdiction. There is no possibility the state court will be called upon to decide any issue that has been, or will be, addressed in the district court or this Court.

The present motion evokes considerations of federalism. This Court's unbounded respect for our system of federalism is plainly evidenced in its jurisprudence: "In view of the clear considerations of federalism supporting the Anti-Injunction Act, federal courts must proceed with caution in enforcing injunctions against state court proceedings."[49] Federalism concerns are especially acute in this case, as Louisiana is an intervenor-plaintiff seeking relief in its own courts under its own laws. As the Supreme Court has emphasized, "it 'is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic

---

[48]*Smith v. Bayer Corp.*, 564 U.S. 299; 131 S.Ct. 2368; 180 L.Ed.2d 341 (2011).
[49]*Int'l Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 129 (5th Cir.1975).

policy.'"[50]

In sum, even though a Section 1442 remand order is reviewable by the district and appellate courts, it is nonetheless subject to immediate execution. In this case, subject matter jurisdiction has already vested in the state court. The mailing of a certified remand order cannot be recalled,[51] nor can the vesting of the state court's jurisdiction resulting therefrom be enjoined.

## II.   LAW APPLICABLE TO MERITS OF THE STAY PENDING APPEAL

"A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'"[52] It necessarily involves "an intrusion into the ordinary processes of administration and judicial review."[53] "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."[54]

When evaluating a motion to stay pending appeal, courts consider four factors (hereinafter "*Nken* test"): "(1) whether the stay applicant has made a strong showing

---

[50]*Burford v. Sun Oil Co.,* 319 U.S. 315, 318, quoting *Commonwealth of Pennsylvania v. Williams,* 294 U.S. 176, 185 (emphasis added).

[51]*See e.g. SFA Grp., LLC, supra, footnote 3.*

[52]*Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (quoting *Winston-Salem/Forsyth Cty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971)).

[53]*Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

[54]*Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1760 (2009).

that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[55] An order staying a case pending appeal is normally reviewed for abuse of discretion.[56]

## A.   NO STRONG LIKELIHOOD OF SUCCESS ON APPEAL

In *Riverwood,* this Court found that Defendants did not act under federal officers in conducting crude oil production activities during WWII.[57] While *Riverwood* was pending in the district court and in this Court, Defendants opposed motions to lift stays in other related Eastern District cases on grounds that this Court's decision in *Riverwood* would provide the "controlling legal framework" to determine jurisdiction in the related cases.[58] Despite these representations, Defendants now seek to distinguish *Riverwood* in this and nine other Eastern District cases (hereinafter the "Refinery Cases") by arguing that corporate defendants that had refinery contracts with the government should be allowed to remove if they refined some of the crude that they produced. This argument has now been rejected by three Eastern District Court judges.[59]

---

[55]*Nken, supra, at* 434; § 3:651. Standards for granting stay, 2A Fed. Proc., L. Ed. § 3:651.
[56]*Wildmon v. Berwick Universal,* 983 F.2d 21, 23 (5th Cir.1992).
[57]*Plaquemines Par. v. Chevron USA,*22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022).
[58]*The Parish of Plaquemines v. Palm Energy Offshore*, 2:18-cv-5259, E.D. La., Doc. 45, ECF page 5 (emphasis added); and *see also* Doc. 51, ECF p. 3; Doc. 61, ECF pp. 8-9.
[59]*See* opinions: Exhibit 11, *Plaquemines v. Rozel Operating, et al,* 2:18-cv-5189, Doc. 83 (Morgan, J.); Exhibit 12, *Plaquemines v. Northcoast Oil Co., et al,* 2:18-cv-5228, Co. Doc. 80

Nowhere in the record of this case, or in the record of any other coastal case, is there a government contract for the production of crude oil. The refinery contracts in the Refinery Cases contain no federal directions concerning crude production. It defies basic logic to argue that the activities of crude producers who did not refine their own crude into critical war products were not acting under federal officers, while the identical activities of crude producers who did refine some of their own crude into critical war products were acting under federal officers pursuant to refinery contracts that say nothing about crude production.

Defendants base their newfound argument on this Court's observation in *Riverwood* that " the 'refineries, who had federal contracts and acted pursuant to those contracts, can *likely* remove [under § 1442], but that does not extend to [parties] not *under **that** contractual direction*.'"[60] However, this Court in *Riverwood* **did not hold** that a defendant who produced crude that it also refined can remove under § 1442 if its refinery was under contractual federal direction and its crude production operations were not.

---

(Zainey, J.); this case, Exhibit 5. Rulings in related cases are relevant to the likelihood of success. *Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir.1997) ("[T]wo courts, not one, have concluded that the Claimants are unlikely to succeed in winning a reversal of the bankruptcy court's September 10 Order.").

[60] *Plaquemines Par. v. Chevron USA*, 22-30055, 2022 WL 9914869, at *4 (5th Cir. Oct. 17, 2022).

## B. IRREPARABLE HARM, BALANCING OF EQUITIES, AND THE PUBLIC INTEREST

Defendants claim they will suffer irreparable harm if the state court is allowed to proceed during this appeal. If prior experience is any guide, the defendants in the *Zeringue* and *Savoie* cases suffered no apparent irreparable harm despite the fact that state court proceedings continued in those cases while this Court reviewed and then reversed executed remand orders. The *Zeringue* and *Savoie* defendants did not lose the federal forum to which they were entitled.

This Court defines irreparable injury as an injury "for which compensatory damages are unsuitable."[61] "[T]he expense and effort of additional state court litigation" are not "irreparable harms."[62] "Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough."[63]

The *Nken* test requires this Court to determine "where the public interest lies."[64] The protection of Louisiana's coast is now a matter of extreme urgency, and the State and coastal parishes are presently engaged in deploying any and all appropriate legal

---

[61]*Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir.1992).

[62]*Tennessee ex rel. Slatery v. TVA,* 2018 WL 3092942, at *6, citing *Capital One Bank,* 710 F. Supp. 2d 634, 636, and *Albury v. Daymar Colleges ,* 2012 WL 1190894, at *3.

[63]*Sampson v. Murray,* 415 U.S. 61, 90 (1974); *Baker,* 310 F.3d 927, 930 (6th Cir. 2002); *Renegotiation Bd.,* 415 U.S. 1, 24 (1974); *Strougo,* 194 F.Supp.3d 230, 234 (S.D.N.Y. 2016)("the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury.").

[64]*Nken, supra, at* 434.

means to acquire the resources necessary to manage this crisis. In fact, Louisiana's stated public policy declared in the SCLRMA itself is "[t]o protect, develop, and, where feasible, restore or enhance the resources of the state's coastal zone, and "[t]o support sustainable development in the coastal zone that accounts for potential impacts from hurricanes and other natural disasters and avoids environmental degradation resulting from damage to infrastructure caused by natural disasters."[65]

## VI. CONCLUSION

The district court was without jurisdiction to enter a stay, and the stay itself fails the *Nken* test.

---

[65]La. R.S. 49:214.22 (1) and (8), entitled "Declaration of Policy." *See also State ex rel. Slatery v. Tennessee Valley Auth.*, *supra* footnote 54, an environmental case denying stay based on the public interest in timely remediation, and *Concerned Pastors v. Khouri*, 844 F.3d 546, 550 (6th Cir. 2016) (identifying clean water as an "important public interest" and denying stay).

*By Attorneys for Plaintiff-Appellee,*
*the Parish of Plaquemines:*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Philip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA
& TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

W. Peter Connick (14158)
CONNICK AND CONNICK
3421 N. Causeway Blvd., Ste. 408
Metairie, LA 70002
Telephone: (504) 838-8777
Fax: (504) 838-9903

Bruce D. Burglass, Jr. (1411)
Andre' C. Gaudin, (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

By: */s/Victor L. Marcello (9252)*


*By Attorney for Intervenor-Appellee, the State of Louisiana, Ex Rel. Jeffrey Martin Landry, Attorney General:*

Ryan M. Seidemann, (28991)
Assistant Attorney General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: (225) 326-6085
Fax: (225) 326-6099

By: */s/ Ryan M. Seidemann (28991)*

*By Attorneys for Intervenor-Appellee, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris:*

J. Blake Canfield (30426)
Executive Counsel
Donald W. Price (19452)
Special Counsel
LOUISIANA DEPARTMENT OF
NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804
Telephone: (225) 342-2710
Fax: (225) 342-5861

By: */s/ Donald W. Price (19452)*

## CERTIFICATE OF CONFERENCE

Defendants-Appellants have been contacted and there is opposition to the filing of this motion and intend to file an opposition.

/s/ *Victor L. Marcello* (9252)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd of May, 2023, I electronically filed the forgoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ *Victor L. Marcello* (9252)

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the forgoing motion complies with Fed. R. App. P. 27(d)(2) because it does contain 5173 words. The motion also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, roman style typeface of 14 points or more.

/s/ *Victor L. Marcello* (9252)