No. 23-30291

_____

## UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

PLAQUEMINES PARISH,
*Plaintiff-Appellee*,

LOUISIANA STATE, EX REL. JEFF LANDRY, ATTORNEY GENERAL;
LOUISIANA STATE, THROUGH THE LOUISIANA DEPARTMENT OF
NATURAL RESOURCES OFFICE OF COASTAL MANAGEMENT AND ITS
SECRETARY, THOMAS F. HARRIS,
*Intervenors-Appellees*,

v.

CHEVRON USA, INCORPORATED, AS SUCCESSOR IN INTEREST TO
GULF OIL CORPORATION AND THE CALIFORNIA COMPANY; CHEVRON
USA HOLDINGS, INCORPORATED, AS SUCCESSOR IN INTEREST TO
GETTY OIL COMPANY, TEXAS E&P INCORPORATED, TIDE WATER
ASSOCIATED OIL COMPANY, TIDEWATER OIL COMPANY AND
TEXACO PRODUCING, INCORPORATED; BP AMERICA PRODUCTION
COMPANY, AS SUCCESSOR IN INTEREST TO PAN AMERICAN
PETROLEUM CORPORATION,
*Defendants-Appellants*.

_____

On appeal from the United States District Court for the
Eastern District of Louisiana (Fallon, J.)
No. 2:18-cv-05215

_____

## OPPOSITION TO MOTION TO LIFT AND VACATE STAY ORDER

_____

COUNSEL LISTED ON INSIDE COVER

PETER D. KEISLER
  Counsel of Record
JENNIFER J. CLARK
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8011

ALEXANDRA WHITE
ERIC J. MAYER
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

CHARLES S. MCGOWAN III
PAMELA R. MASCARI
KEAN MILLER LLP
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, LA 70801
MICHAEL R. PHILLIPS
CLAIRE E. JUNEAU
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112

***Counsel for Chevron U.S.A. Inc. and
Chevron U.S.A. Holdings Inc.***

George Arceneaux, III
Liskow & Lewis
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508

Nancy G. Milburn
Jennifer R. Kwapisz
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710

**Counsel for BP America Production Company**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

## A. Defendants-Appellants

1. Chevron U.S.A. Inc.
2. Chevron U.S.A. Holdings Inc.
3. BP America Production Company

## B. Attorneys for Defendants-Appellants

1. For Chevron U.S.A. Inc. and Chevron U.S.A. Holdings Inc.:

Peter D. Keisler
pkeisler@sidley.com
Virginia Seitz
vseitz@sidley.com
Jennifer J. Clark
jennifer.clark@sidley.com
Kathleen Mueller
kmueller@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202)736-8000
Facsimile: (202) 736-8111

Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
KEAN MILLER LLP
909 Poydras Street, Suite 3600

New Orleans, Louisiana 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

Charles S. McCowan, III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Alexandra White (#29478)
lwhite@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

2. For BP America Production Company:

George Arceneaux, III (No. 17442)
garceneaux@liskow.com
LISKOW & LEWIS
1200 Camelia Boulevard, Suite 300
Lafayette, Louisiana 70508
Telephone: (337) 267-2332

Nancy G. Milburn
Nancy.milburn@arnoldporter.com
Jennifer R. Kwapisz
jennifer.kwapisz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP

250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 836-8689

## C. Plaintiffs-Appellees

1. Plaquemines Parish
2. The State of Louisiana ex rel., Jeff Landry, Attorney General
(Plaintiff-Intervenor)
3. The State of Louisiana, through the Louisiana Department of
Natural Resources Office of Coastal Management and its
Secretary, Thomas F. Harris (Plaintiff-Intervenor)

## D. Attorneys for Plaintiffs-Appellees

1. For Plaquemines Parish:

Brian T. Carmouche (#30430)
bcarmouche@tcmlawfirm.net
Donald T. Carmouche (#2226)
dcoffice@tcmlawfirm.net
John H. Carmouche (#22294)
jcarmouche@tcmlawfirm.net
Victor L. Marcello (#9252)
vmarcello@tcmlawfirm.net
William R. Coenen, III (#27410)
wcoenen@tcmlawfirm.net
Todd J. Wimberley (#34862)
twimberley@tcmlawfirm.net
Ross J. Donnes (#33098)
rdonnes@tcmlawfirm.net
D. Adele Owen (#21001)
aowen@tcmlawfirm.net
Leah C. Poole (#35092)
lpoole@tcmlawfirm.net
Christopher D. Martin (#30613)
chrismartin@tcmlawfirm.net
Talbot, Carmouche & Marcello
17405 Perkins Road

Baton Rouge, Louisiana 70810
Telephone: (225) 400-9991
Facsimile: (225) 448-2568

Chad E. Mudd
David P. Bruchhaus
M. Keith Prudhomme
Matthew P. Keating
Wesley Alan Romero
MUDD, BRUCHHAUS & KEATING, L.L.C.
410 E. College Street
Lake Charles, LA 70605

2. For the State of Louisiana ex rel., Jeff Landry, Attorney General:

Steven B. Jones
Ryan M. Seidmann (#28991)
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6085
Facsimile: (225) 326-6099

3. For the State of Louisiana, through the Louisiana Department of Natural Resources Office of Coastal Management and its Secretary, Thomas F. Harris:

J. Blake Canfield (#30426)
blake.canfield@la.gov
Donald W. Price (#19452)
donald.price@la.gov
LOUISIANA DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, Louisiana 70804
Telephone: (225) 342-2170
Facsimile: (225) 342-5861

## E. Entities with a Financial Interest:

The following additional persons may have a financial interest in the outcome of the litigation.

See Exhibit A.

## F. Federal Rule of Appellate Procedure 26.1:

Defendants-Appellants disclose as follows:

Chevron U.S.A. Inc. and Chevron U.S.A. Holdings Inc. are indirect wholly owned subsidiaries of Chevron Corporation, a publicly traded company (NYSE: CVX).

BP America Production Company is an indirect wholly-owned subsidiary of BP p.l.c., which is the only publicly-owned company in that chain of ownership. BP America Production Company does not have any other companies, subsidiaries or affiliates that have issued shares of stock to the public.


Dated: June 2, 2023

/s/ Peter D. Keisler
Peter D. Keisler

CERTIFICATE OF INTERESTED PERSONS
Exhibit A

AK Steel Corporation
AK Steel Holding Corporation
AKS Investments, Inc.
Alpine Exploration Companies, Inc.
American Petrofina, Inc.
American Trading & Production
  Corporation
Aminoil of Louisiana, Inc.
Aminoil USA, Inc.
Anadarko Consolidated Holdings
  LLC
Anadarko E&P Onshore LLC
Anadarko Petroleum Corporation
Anadarko USH1 Corporation
Anderson Exploration Company,
  Incorporated
Anderson Operating Company, L.L.C.
Apache Oil Corporation
Apollo Global Management LLC
Armco Financial Services
  International, Ltd.
Atlantic Richfield Company
Baby Oil, Inc.
Badger Marine Corporation
Badger Oil Corporation
BASF Corporation
Bay Coquille, Inc.
BEPCO Genpar, L.L.C.
BEPCO, L.P.
Bevo Partners, LP
BHP Billiton Limited
BHP Billiton Petroleum (North
  America), Inc.
BlackRock, Inc.
BOPCO, L.P.
BOPCO, LLC
BP America Production Company

BP Products North America Inc.
Brammer Engineering, Inc.
Brammer Holdings, L.L.C.
Bridget Dinvaut, District Attorney
BROG GP LLC
BROG LP LLC
Burlington Resources LLC
Burlington Resources Oil & Gas
  Company LP
Burlington Resources Trading LLC
Callon Offshore Production, Inc.
Callon Petroleum Company
Callon Petroleum Operating Company
Cambridge Energy Corporation
Camex Operating Company
Camex, Inc.
Campbell Energy Corporation
CanadianOxy Offshore Production
  Co.
Canlan Oil Company
Caskids Operating Company
Castex Energy, Inc.
Cedyco Corp.
CenterPoint Energy Houston
Electric, LLC
CenterPoint Energy Resources
Corporation
CenterPoint Energy, Inc.
Central Resources, Inc.
Centurion Exploration Company,
  LLC
Century Exploration New
Orleans, LLC
Chevron Corporation
Chevron U.S.A. Holdings Inc.
Chevron U.S.A. Inc.
Chevron Pipeline Co.

China National Offshore Oil
  Corporation
Citizens Communications Company
Clayton Williams Energy, Inc.
CNOOC Limited
Columbia Gulf Transmission, L.L.C.
Condor Petroleum Corporation
Conley P. Smith Operating Company
Conley P. Smith, L.L.C.
Conoco, Inc.
ConocoPhillips Company
Continental Oil Company
Covey Energy, Inc.
Cox Operating, L.L.C.
Craig J. Sceroler, Inc.
Crimson Exploration Operating, Inc.
Cypress E&P Corporation
Davis Oil Company
Davis Petroleum Company
Davis Petroleum Corp.
Denbury Onshore, LLC
Denbury Resources Inc.
Denovo Oil & Gas, Inc.
Department of Natural Resources
Devon Energy Corporation
Devon Energy Production Company,
  L.P.
Devon Energy Production, L.P.
Diasu Oil & Gas Co., Inc.
Diasu Oil and Gas Company, Inc.
Dimension Energy Company, LLC
Dominion Oklahoma Texas
Exploration & Production, Inc.
Dominion Resources, Inc.
Edwin L. Cox
Enable Midstream Partners, LP
Enable Oklahoma Intrastate
Transmission, LLC
Endeavor Energy Resources, L.P.
Energen Corporation

Energen Resources Corporation
Energy Properties, Inc.
Energyquest II, LLC
Enertec Exploration, Inc.
EnerVest Operating, L.L.C.
EnerVest, Ltd.
EP Energy Corporation
EP Energy E&P Company, L.P.
Equitable Petroleum Corporation
Estate of William G. Helis
Exchange Oil & Gas Corporation
Expert Oil & Gas, LLC
ExxonMobil Exploration and
  Production South, Inc.
Exxon Mobil Corp.
ExxonMobil South Holdings, Inc.
FMP Operating Company Limited
  Partnership
Franks Exploration Company, L.L.C.
Freeport-McMoRan Copper & Gold
  Inc.
Freeport-McMoRan Inc.
Freeport-McMoRan Oil & Gas
  Company
Freeport-McMoRan Oil & Gas LLC
Frontier Communications Corporation
Gary Energy Corporation
Gas Transportation Corporation
General American Oil Company of
  Texas
Gerald A. Boelte
Goodrich Oil Company
Great Southern Oil & Gas Co., Inc.
Green Wilson Hicks, III
Gulf Coast Crude Oil & Gas
  Company, Inc.
Gulf Exploration Company, Inc.
Gulf Production Company, Inc.
Gulf South Operators, Inc.
Helis Oil & Gas Company, L.L.C.

Henry Production Company, Inc.
Hess Corporation
HHE Energy Company
Hilliard Petroleum Inc.
HK Energy, LLC
HKN, Inc.
HPC Acquisition Corporation
Hunt Consolidated
Hydrocarbons, L.L.C.
Hunt Consolidated, Inc.
Hunt Oil Company
Iberia Operating Corporation
Indian Exploration, Inc.
Inexco Oil Company
J.A. Seglund, Inc.
Janex Oil Company, Inc.
Jones Company, Ltd.
June Energy, Inc.
Kenmore Oil Co.
Kenmore Oil Co., Inc.
Kerr-McGee Worldwide Corporation
Keystone Group, L.P.
Kilroy Company of Texas, Inc.
Kinder Morgan Energy Partners, L.P.
Kinder Morgan G.P., Inc.
Kinder Morgan Operating L.P. "A"
Kinder Morgan, Inc.
King W. Lanaux
La Mesa Production Inc.
Lake Washington, Inc.
Lanoco, Inc.
Lastrada Oil & Gas Limited
Latex-Star Inc.
Leads Resources, L.L.C.
Legal Oil Company
LGS Natural Gas Company
LLOG Exploration & Production
    Company, L.L.C.
LLOG Exploration Company, L.L.C.
LLOG Holdings, L.L.C.

LMBI, L.P.
LOPCO, Inc.
Louisiana Crude Oil & Gas Company,
    Inc.
Louisiana Energy Production, L.L.C.
Louisiana Exploration & Drilling
    Company
Lyons Petroleum, Inc.
Manti Exploration Operating LLC
Mar-low Corporation
Marquee Corporation
Marsh Engineering, Inc.
McCormick Operating Company
McMoRan Exploration Company
McMoRan Oil & Gas LLC
McMoRan Production Company
Meridian Oil, Inc.
Merit Energy Company, LLC
Merit Energy Management, L.P.
Mineral Ventures, Inc.
Mobil Corporation
Mobil Exploration and Producing
North America Inc.
Mobil Oil Exploration & Producing
    Southeast, Inc.
Mosaic Global Holdings Inc.
Mosbacher Energy Company
Mosbacher U.S.A., Inc.
National Fuel Gas Company
Nazuni Partners, L.P.
NBL Permian L.L.C.
Nerco Oil & Gas, Inc.
Nexen Energy ULC
Nexen Holdings U.S.A., Inc.
Noble Energy, Inc.
Norcen Explorer, Inc.
Northcoast Oil Company
Northwest Oil Company
Occidental Oil & Gas Holding
    Corporation

Occidental Petroleum Corporation
OGE Energy Corp.
Oleum Operating Company, L.C.
O'Meara, L.L.C.
OPMI Operating Company
OXY USA Inc.
Oxy USA, Inc.
Pacific Enterprises Oil Company
Pacific Enterprises Oil Company (USA)
Palace Exploration Company
Palace Operating Company
Palm Energy Offshore, L.L.C.
Paxton Oil Company, LLC
PCS Phosphate Company, Inc.
Petrohawk Energy Corporation
Petro-Hunt Holdings, LLC
Petro-Hunt, L.L.C.
PetroQuest Energy, Inc.
PetroQuest Energy, L.L.C.
Phillips Oil Company
Phillips Petroleum Company
Phoenix Petro Services LLC
Pioneer Natural Resources Company
Pioneer Natural Resources USA, Inc.
Potash Corporation of Saskatchewan, Inc.
Resources Investment Corporation
RIPCO, LLC
RME Petroleum Company
Rogers Oil Company
Royal "T" Oil Co., Inc.
Royal Dutch Shell plc
Sable Minerals, Inc.
Sempra Energy
Seneca Resources Corporation
Shell Energy Holding GP LLC
Shell Offshore, Inc.
Shell US E&P Investments LLC
Shell USA, Inc.

Shocker Energy of Louisiana, Inc.
Shoreline Southeast LLC
SM Energy Company
Smith Production Company of Mississippi
SOI Finance Inc.
Source Petroleum, Inc.
Southport Exploration Inc.
Southwestern Energy Company
Spartan Minerals, Ltd.
SRBI, L.P.
Stone Energy Corporation
Strata Energy, Inc.
Sun Exploration & Production Company
SWEPI LP
SWN Production Company, LLC
Talos Energy, Inc.
Talos Energy, L.L.C.
Talos Petroleum, L.L.C.
Talos Production, L.L.C.
Tennessee Gas Pipeline Company, L.L.C.
Terry Gottberg
Texaco Inc.
The Anschutz Corporation
The Gayden 2002 Family Trust
The Louisiana Land and Exploration Company
The Louisiana Land and Exploration Company LLC
The Meridian Resource & Exploration LLC
The Mosaic Company
The Stone Petroleum Corporation
The Texas Company
The Williams Companies, Inc.
The Yuma Companies, Inc.
Thur Line, L.P.
Toce Energy, L.L.C.

Todd Oil Corporation of Louisiana
Total Petrochemicals & Refining
   USA, Inc.
TOTAL S.A. of France
Tradition Resources II, LLC
Transco Exploration Company
Turnkey Oilfield Contractors, Inc.
U.S. Oil & Gas, Inc.
U.S. Oil of Louisiana, Inc.
Union Oil Company of California
Union Pacific Resources Company
Universal Music Group, Inc.
Vintage Petroleum, LLC
Virgin Offshore, U.S.A., Inc.
VirTex Petroleum Company, L.L.P.
Vivendi Holding I LLC
Vivendi SA
Wagner Oil Company
Walter Oil & Gas Corporation
WEC Onshore, LLC
White Oak Operating Company, LLC
Whiting Oil and Gas Corporation
Whiting Petroleum Corporation
William Herbert Hunt Trust Estate
Williams Exploration Company
Williams Petroleum Services, LLC
XH, LLC
Xplor Energy Operating Company
XTO Energy Inc.
XTO Energy, Inc.
Yuma Energy, Inc.
Yuma Exploration and Production
   Company, Inc.
Yuma Petroleum Company
Zadeck Energy Group, Inc.
Zenergy, Inc.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

TABLE OF AUTHORITIES .................................................................. xii

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................3

I.    The District Court Had Jurisdiction to Enter a Stay........................................3

    A.    Mailing a Certified Remand Order Does Not Eliminate the Court's Inherent Authority to Issue a Stay Pending Appeal..........................................................................................3

II.    The District Court Rightly Concluded That Defendants Are Entitled to a Stay Pending Appeal................................................................10

    A.    Defendants Are Likely to Succeed on Appeal ...................................11

    B.    The Balance of Harms Favors Defendants.........................................15

CONCLUSION ...................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ambraco, Inc. v. Bossclip B.V.*,
  570 F.3d 233 (5th Cir. 2009) ...................................................................5

*Amlin Corp. Ins. v. GREEN ARROW M/V*,
  No. 11-cv-1417, 2013 WL 392584 (E.D. La. Jan. 31, 2013) ...............5

*Arnold v. Garlock, Inc.*,
  278 F.3d 426 (5th Cir. 2001) ...................................................................6

*Brookshire Bros. Holding Inc. v. Dayco Prod., Inc.*,
  No. 07-31154, 2009 WL 8518382 (5th Cir. Jan. 23, 2009) ...................8

*Broussard v. Huntington Ingalls, Inc.*,
  No. 20-cv-836, 2020 WL 2744583 (E.D. La. May 27, 2020) ............11

*Campaign for S. Equal. v. Bryant*,
  773 F.3d 55 (5th Cir. 2014), *stay vacated*, 791 F.3d 625 (5th Cir.
  2015) ......................................................................................................15

*Citibank, N.A. v. Jackson*,
  No. 3:16-CV-712-GCM, 2017 WL 4511348 (W.D.N.C. Oct. 10,
  2017), *stay lifted*, 2018 WL 1040100 (W.D.N.C. Feb. 23, 2018) ......16

*Dalton v. Walgreen Co.*,
  No. 4:13 CV 603 RWS, 2013 WL 2367837 (E.D. Mo. May 29,
  2013) ......................................................................................................16

*Decatur Hosp. Auth. v. Aetna Health, Inc.*,
  854 F.3d 292 (5th Cir. 2017) .................................................................16

*In re Digicon Marine, Inc.*,
  966 F.2d 158 (5th Cir. 1992) ...................................................................4

*Gibbs v. Lufkin Indus., Inc.*,
  487 F. App'x 916 (5th Cir. 2012) ..........................................................10

*Latiolais v. Huntington Ingalls, Inc.*,
    951 F.3d 286 (5th Cir. 2020) ............................................................... 13

*Legendre v. Huntington Ingalls, Inc.*,
    885 F.3d 398 (5th Cir. 2018), *overruled*, 951 F.3d 286 (5th Cir.
    2020) ...................................................................................................... 10

*Maseda v. Honda Motor Co.*,
    861 F.2d 1248 (11th Cir. 1988) .............................................................. 9

*In re Meyerland Co.*,
    910 F.2d 1257 (5th Cir. 1990), *modified on reh'g en banc*, 960
    F.2d 512 (5th Cir. 1992) ......................................................................... 9

*Meyers v. Chesterson*,
    No. 15-cv-292, 2015 WL 3797139 (E.D. La. June 18, 2015) .............. 7

*City of New Orleans ex rel. New Orleans Aviation Bd. v. National
    Serv. Cleaning Corp.*,
    No. 96-cv-1601, 1997 WL 5915 (E.D. La. Jan. 6, 1997) ..................... 7

*Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*,
    No. 1:16cv534, 2016 WL 3346349 (E.D. Va. June 16, 2016) ........... 16

*Plaquemines Par. v. Exchange Oil & Gas Co.*,
    No. 18-cv-5215, 2023 WL 3253651 (E.D. La. May 4, 2023) ... 1, 6, 8, 17

*Plaquemines Par. v. Chevron USA, Inc.*,
    No. 22-30554, 2022 WL 9914869 (5th Cir. Oct. 17, 2022), *cert.
    denied*, 143 S. Ct. 991 (2023) ...................................................... 12, 14

*Sampson v. Murray*,
    415 U.S. 61 (1974) ................................................................................ 16

*Savoie v. Huntington Ingalls, Inc.*,
    817 F.3d 457 (5th Cir. 2016), *overruled by Latiolais v. Huntington
    Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) ........................................ 10

*Shapiro v. Logistec USA, Inc.*,
    412 F.3d 307 (2d Cir. 2005) ................................................................4, 5

*In re Shell Oil Co.*,
    932 F.2d 1523 (5th Cir. 1991) .............................................................. 10

*St. Charles Surgical Hosp., LLC v. La. Health Serv. & Indem. Co.*,
    990 F.3d 447 (5th Cir. 2021) ...............................................................13

*Thomas v. LTV Corp.*,
    39 F.3d 611 (5th Cir. 1994) .................................................................4

*Veasey v. Abbott*,
    870 F.3d 387 (5th Cir. 2017) ...............................................................15

*Watson v. Philip Morris Cos.*,
    551 U.S. 142 (2007)...............................................................................11

*Wildmon v. Berwick Universal Pictures*,
    983 F.2d 21 (5th Cir. 1992) .................................................................10

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008)...................................................................................17

*Zeringue v. Crane Co.*,
    846 F.3d 785 (5th Cir. 2017), *overruled by Latiolais v. Huntington*
    *Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) ........................................10

**Statutes**

28 U.S.C. § 1447.........................................................................................4

28 U.S.C. § 1447(c) ....................................................................................6

28 U.S.C. § 1447(d) ....................................................................................5

28 U.S.C. § 2283 .........................................................................................9

## INTRODUCTION

Plaintiff and Plaintiffs-Intervenors (collectively, "Plaintiffs") ask this Court to lift and vacate the District Court's order granting a stay pending appeal of its order remanding this case to state court on two grounds: first, that the District Court lacked jurisdiction to stay its remand order because it had been mailed to the state court; and, second, that the District Court abused its discretion in granting the stay. Plaintiffs' Motion to Lift or Vacate Stay (hereafter "Pls. Mot.") at 3. Plaintiffs' arguments are meritless, and the motion should be denied.

Plaintiffs' first contention—that once a remand order is mailed, a federal court lacks jurisdiction to stay that order—is based on arguments that have already been rejected by this Court and others, including the court below. In the District Court, Plaintiffs' counsel raised these same arguments in this case and multiple related cases in opposing a stay of the remand orders and in seeking to lift those stays, and the district courts correctly rejected them.[1] Plaintiffs' arguments in those cases were themselves recycled from the prior unsuccessful opposition filed by Plaintiffs' counsel in this Court opposing a stay pending appeal in a related case, *Parish of*

---

[1] *See Plaquemines Par. v. Exchange Oil & Gas Corp.*, No. 18-cv-05215 (ECF Nos. 71) (hereafter "*Exchange*"); *Exchange*, No. 18-cv-5215, 2023 WL 3253651 (E.D. La. May 4, 2023); *Jefferson Par. v. Destin Operating Co.*, No. 18-cv-05206 (ECF Nos. 100, 109); *Plaquemines Par. v. Great S. Oil & Gas Co.*, No. 18-cv-05227 (ECF Nos. 66, 70); *Plaquemines Par. v. Northcoast Oil Co.*, No. 18-cv-05228 (ECF No. 90); *Jefferson Par. v. Atl. Richfield Co.*, No. 18-05246 (ECF No. 86); *Plaquemines Par. v. Total Petrochemicals & Refining USA Inc.*, No. 18-CV-5256 (ECF No. 113).

1

*Cameron v. BP America Production Co.*, No. 19-30829 (hereafter "*BP America*").

There, this Court rejected Plaintiffs' arguments and granted a stay.[2] The District

Court thus had jurisdiction to stay its remand order.

Plaintiffs' second contention—that, in the alternative, the Removing

Defendants ("Defendants") have not made a "strong showing" of a likelihood of

success on the merits and the balance of harms does not favor a stay—likewise does

not withstand scrutiny. As shown below, the District Court did not abuse its

discretion in determining that a stay is warranted. Defendants are likely to succeed

in demonstrating the existence of federal-officer jurisdiction. Tide Water Associated

Oil Company ("Tide Water") "acted under" federal officers when it refined crude

oil pursuant to federal government contracts for specialized petroleum products

during World War II ("WWII"), and the charged conduct in this case—Defendants'

---

[2] *See* Exhibits 1-8 to Defs. Reply in Support of Motion to Stay the Judgment, *Exchange*, 2:18-cv-05215 (ECF. No. 70-1) (hereafter "Reply Exs."): (1) Defendants' Motion for Stay of Remand Order Pending Appeal, Doc. No. 00515148894; (2) Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Stay of Remand Order Pending Appeal, Doc. No. 00515162967; (3) Defendants' Reply in Support of Motion for Stay of Remand Order Pending Appeal, Doc No. 00515172727; (4) Fifth Circuit's order granting Defendants' Motion for Stay of Remand Order Pending Appeal, Doc No. 00515185188; (5) Defendants' Motion for Injunction Enforcing Stay Pending Appeal, Doc. No. 00515198617; (6) Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Injunction Enforcing Stay Pending Appeal, Doc. No. 00515211454; (7) Defendants' Reply in Support of Motion for Injunction Enforcing Stay Pending Appeal, Doc. No. 0515213749; and (8) Fifth Circuit's order granting Defendants' Motion for Injunction Enforcing Stay Pending Appeal, Doc No. 00515215752.

actions to produce the crude oil used to fulfill those contracts—is connected or associated with their acts under those federal contracts. And as this Court and multiple district courts have previously concluded in this and similar cases, the balance of harms favors a stay pending appeal.

This Court should deny Plaintiffs' motion to vacate the stay.

## ARGUMENT

## I.    The District Court Had Jurisdiction to Enter a Stay.

Plaintiffs' arguments that the District Court lacked jurisdiction to stay its remand order are contrary to established Fifth Circuit precedent. Indeed, this Court already rejected the same arguments when Plaintiffs' counsel made them in *BP America*. It should do so again here.

### A.    Mailing a Certified Remand Order Does Not Eliminate the Court's Inherent Authority to Issue a Stay Pending Appeal.

In arguing that the District Court lacked jurisdiction to issue a stay pending appeal, Plaintiffs rely primarily on a 2015 decision by the same District Court judge that pre-dates this Court's grant of a stay in *BP America*. Pls. Mot. at 4–5. Plaintiffs argue that the District Court lacked jurisdiction to enter the stay pending appeal because the federal clerk's mailing of the remand order vested the state court with jurisdiction. As this Court has previously concluded, and as the same District Court judge concluded here, Plaintiffs are incorrect.

A "remand order is treated like any other final judgment," such that "a district court retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). Consistent with that principle, multiple circuits, including this one, have held that where the remand order is reviewable under 28 U.S.C. § 1447, mailing of the remand order does not deprive the federal court of jurisdiction. *See, e.g.*, *In re Digicon Marine, Inc.*, 966 F.2d 158, 160–61 (5th Cir. 1992); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). Indeed, this Court has long recognized "that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and *vacate or reinstate that order*.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (emphasis added) (citation omitted).

Plaintiffs attempt to distinguish *Digicon* and *Shapiro* as involving remand orders based on procedural defects rather than jurisdictional defects. Pls. Mot. at 6–7. Plaintiffs ignore, however, that the basis for remand in those cases was relevant only insofar as necessary *to determine whether the remand orders were reviewable on appeal.* If so, then the mailing of the remand order does *not* deprive the district court of jurisdiction. *Digicon* states without qualification that "where remand is reviewable on appeal, a district court has jurisdiction to review its own order, and vacate or reinstate that order" even after the remand order is mailed. 966 F.2d at

160–61 (internal quotation marks omitted). Likewise, *Shapiro* stands for the proposition that transmission of the remand order to the state court divests the district court of its ability to reconsider where section 1447(d) applies *to preclude appellate review*. *See* 412 F.3d at 314. Here, the remand orders are unquestionably reviewable on appeal because they remand cases removed on federal-officer jurisdiction grounds. 28 U.S.C. § 1447(d). Plaintiffs' emphasis on *Shapiro*'s statement that its holding is limited to cases in which "section 1447(d) does not apply," Pls. Mot. at 8, is likewise misplaced. The court's statement plainly refers to the general ban on appellate review of remand orders in 28 U.S.C. § 1447(d), not the exceptions to that ban for civil-rights and federal-officer removals. *See Shapiro*, 412 F.3d at 310–11.

The "authority to issue a stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket.'" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). That inherent authority includes the "power to stay proceedings *sua sponte*." *Amlin Corp. Ins. v. GREEN ARROW M/V*, No. 11-cv-1417, 2013 WL 392584, at *5 (E.D. La. Jan. 31, 2013) (collecting cases). Applying these authorities, the District Court explained:

> The Fifth Circuit has long recognized that an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order. Consistent with this principle, if a district court may review or vacate its remand order, it is also within the Court's power to stay that order.[3]

This Court's ruling in *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001), which Plaintiffs cite, is not to the contrary. *E.g.*, Pls. Mot. at 1. Unlike this case, *Garlock* involved a *non-reviewable* remand order. *See Garlock*, 278 F.3d at 431, 434 (noting that case was removed as a case relating to a case under title 11 pursuant to 28 U.S.C. § 1452(a)). The District Court plainly had jurisdiction to stay its reviewable remand order here.

Plaintiffs suggest that this cannot be so because "Section 1447(d) 'must be read in conjunction with' Section 1447(c)." Pls. Mot. at 9. However, nothing in Section 1447(c) revokes or curtails the District Court's inherent power to issue a stay pending appeal of an appealable remand order. Section 1447(c) simply directs the clerk of the federal court to mail a "certified copy of the order of remand" to "the clerk of the State court," and provides that "[t]he State court may thereupon proceed with [the] case," 28 U.S.C. § 1447(c). But the state court "may thereupon proceed" with the case only so long as the remand order remains in effect. Plaintiffs concede that the remand order is appealable, and that if the remand order is reversed on

---

[3] *Exchange*, No. 18-cv-5215, 2023 WL 3253651, at *2 (E.D. La. May 4, 2023) (cleaned up).

appeal, the state court may not proceed with the case. Pls. Mot. at 9. A stay pending appeal serves to temporarily deprive the remand order of legal effect, just as reversal of the order by this Court would permanently deprive the remand order of legal effect. Thus, Section 1447(c) does not deprive the District Court of its inherent authority to issue a stay pending appeal of an appealable order, just as it does not deprive this Court of jurisdiction over the appeal after the remand order is mailed to the state court.

Indeed, this Court in *BP America* granted a stay pending appeal of a remand order over the objections of Plaintiffs' counsel that the mailing of the remand order deprived the Court of jurisdiction to issue the stay.[4] In arguing that this Court lacked jurisdiction to issue a stay, Plaintiffs' counsel cited the same cases they rely on here: *City of New Orleans ex rel. New Orleans Aviation Bd. v. National Serv. Cleaning Corp.*, No.96-cv-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997), and *Meyers v. Chesterson*, No. 15-cv-292, 2015 WL 3797139, at *3 (E.D. La. June 18, 2015).[5] This Court nonetheless rejected Plaintiffs' contentions and granted the stay.[6] This Court should do so here as well.

---

[4] *See* Reply Ex. 2, at 2–3; Reply Ex. 1, at 1–2.

[5] *See* Reply Ex. 2, at 6-8.

[6] *See* Reply Ex. 4, at 1.

## B.    The Anti-Injunction Act Does Not Limit the Court's Authority to Issue a Stay.

Plaintiffs contend that the Anti-Injunction Act barred the court below, and would bar this Court, from staying the remand order or enjoining the state court from proceeding with the case. Pls. Mot. at 10. Again, this Court has previously rejected that argument.[7] The District Court here also rejected it, explaining: "The Court's stay simply halts the legal effect of the Court's own remand order; it does not order the state court to stay any proceedings. Accordingly, the Anti-Injunction Act is inapplicable."[8]

The Anti-Injunction Act in no way limits a court's authority to stay its own remand order pending appeal because the court's stay is not an injunction. The stay simply suspends the legal effect of the court's remand order. *Only if* the state court sought to proceed notwithstanding the federal court's stay would the potential for an injunction even arise. *Cf. Brookshire Bros. Holding Inc. v. Dayco Prods., Inc.*, No.

---

[7] *See* Reply Ex. 2, at 1, 4-10 (Plaintiffs' counsel arguing that Anti-Injunction Act bars a stay in similar circumstances); Reply Ex. 4 (this Court's order granting the stay). Moreover, after this Court stayed the remand order pending appeal in *BP America*, plaintiffs sought to proceed in state court, *see* Reply Ex. 5, at 1. In response, defendants there sought an injunction to prevent plaintiffs from proceeding in state court during appeal of the stayed remand order. *See id.* In opposing that request, Plaintiffs' counsel again made these same Anti-Injunction Act arguments, *see* Reply Ex. 6, at 6–11. This Court again rejected them and granted an injunction. *See* Reply Ex. 8, at 1.

[8] *Exchange*, 2023 WL 3253651, at *2 n.1; *see Jefferson Par. v. Destin Operating Co.*, 2:18-cv-05206 (ECF Nos. 100, 109); *Plaquemines Par. v. Great S. Oil & Gas Co.*, 2:18-cv-05227 (ECF Nos. 66, 70).

07-31154, 2009 WL 8518382, at *1 (5th Cir. Jan. 23, 2009) (per curiam) ("Nor is it clear that the Anti–Injunction Act reaches the relief we today grant. Its operative bite is the same as an order staying enforcement of an order of a district court pending review of its validity.").

Moreover, even if the District Court's stay pending appeal could constitute an "injunction," the Anti-Injunction Act still would not bar it. The Act explicitly authorizes federal courts to enjoin state courts "as expressly authorized by Act of Congress," or "where necessary in aid of its jurisdiction." 28 U.S.C. § 2283. An injunction halting a state court from proceeding in the face of a stay pending appeal falls within these exceptions. *See, e.g.*, *In re Meyerland Co.*, 910 F.2d 1257, 1263 (5th Cir. 1990) ("The [A]nti-[I]njunction [A]ct, therefore, does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case."), *modified on reh'g en banc*, 960 F.2d 512 (5th Cir. 1992); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1255 (11th Cir. 1988) ("Several court decisions . . . have recognized the power of federal courts to enjoin state courts from proceeding in a removed case.").

Plaintiffs attempt to avoid this conclusion by relying on the unpublished opinion in *Gibbs v. Lufkin Indus., Inc.*, 487 F. App'x 916 (5th Cir. 2012) (per curiam). Pls. Mot. at 11. Here, again, Plaintiffs rehash an argument that this Court rejected in *BP America*. Unlike this case, *Gibbs* entailed an attempt to enjoin state-

court proceedings involving state-law claims over which "the federal district court opted not to exercise supplemental jurisdiction" after the federal-question grounds for removal had been dismissed. 487 F. App'x at 919–20. *Gibbs* did not involve the district court's stay in connection with an appealable remand order. Because the remand order here is one for which "an exception to non-reviewability exists," the District Court retained jurisdiction to enter a stay. *In re Shell Oil Co.*, 932 F.2d at 1528. *Gibbs* is simply inapposite.[9] The District Court had jurisdiction to enter a stay pending appeal.

## II.     The District Court Rightly Concluded That Defendants Are Entitled to a Stay Pending Appeal.

A district court's decision to enter a stay is reviewed for abuse of discretion. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992). As such, it "need only be reasonable." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). The District Court's decision to stay here is more than reasonable.

---

[9] Plaintiffs' invocation of *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017), *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016), and *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018), is likewise unavailing. *See* Pls. Mot. at 13–14. The fact that state court proceedings can sometimes move forward after a remand order has been issued does not mean that the District Court is stripped of its inherent authority to stay its own reviewable remand order.

## A.     Defendants Are Likely to Succeed on Appeal.

Plaintiffs offer no argument that Defendants are not likely to succeed on three of the four prongs of the federal-officer jurisdiction test, specifically that (1) Defendants are persons; (2) the challenged conduct (Tide Water's production of crude oil in its own field) "relat[es] to" Tide Water's fulfillment of its wartime government contracts for refined petroleum products; and (3) Defendants have colorable federal defenses.[10] Plaintiffs argue only that Defendants have not shown a likelihood of success on the requirement that Tide Water "act[ed] under" federal officers. Pls. Mot. at 17–18. Plaintiffs' arguments, however, mischaracterize Defendants' basis for federal-officer jurisdiction and fundamentally misunderstand the law governing the "acting under" requirement.

To satisfy § 1442(a)'s "acting under" requirement, a private firm must be under the "guidance[] or control" of a federal superior, and its actions "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of [a] federal superior," *i.e.*, "helping the Government to produce an item that it needs." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152–53 (2007); *id.* at 154 (the prototypical "acting under" situation is where a private company is "providing the Government with a product that it used to help conduct a war"); *see also Broussard v. Huntington*

---

[10] Defs. Mem. In Support of Mot. for Reconsideration at 6, 9–15, *Exchange* (ECF No. 59-1) (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (en banc)).

*Ingalls, Inc.*, No. 20-cv-836, 2020 WL 2744583, at *5 (E.D. La. May 27, 2020) (collecting cases). During WWII, Tide Water fulfilled federal government contracts to produce critical war products including aviation gasoline by refining crude oil that it produced in the field at issue in this case.[11] This Court recognized in *Plaquemines Parish v. Chevron USA, Inc.* ("*Plaquemines II*"), that "refineries, who had federal contracts and acted pursuant to those contracts, can likely remove under § 1442."[12] Tide Water was such a refinery.

Plaintiffs' motion does not dispute that Tide Water was acting under a federal officer in *refining* crude oil under federal government contracts for specialized refined petroleum products needed to fight WWII. Instead, Plaintiffs argue that Defendants have not shown that they acted under federal direction in *producing* crude oil. Plaintiffs observe that "[t]he refinery contracts . . . contain no federal directions concerning crude production," Pls. Mot. at 18, and therefore contend that Tide Water did not "act under" federal direction in producing crude oil.

That argument is a straw man. To remove this case, Tide Water did not need to be "acting under" federal officers when *producing* crude oil. Instead, because Tide

---

[11] *See* Defs. Mem. In Support of Mot. for Reconsideration at 14, *Exchange* (ECF No. 59-1).

[12] *Plaquemines Par. v. Chevron USA, Inc.* ("*Plaquemines II*"), No. 22-30554, 2022 WL 9914869 at *4 (5th Cir. Oct. 17, 2022) (per curiam), *cert. denied*, 143 S. Ct. 991 (2023) (cleaned up) (quoting *Par. of Plaquemines v. Riverwood Prod. Co.*, No. 18-CV-5217, 2022 WL 101401, at *7 (E.D. La. Jan. 11, 2022)).

Water *was* acting under federal officers in fulfilling its federal contracts for *refined* petroleum products, this case is removable if the challenged conduct is "relat[ed] to" Tide Water's actions as a government contractor, acting under government direction.

As this Court explained in its en banc decision in *Latiolais*, section 1442(a)(1), as amended in 2011, "makes removable to federal court '[a] civil action . . . that is against or directed to . . . any person acting under [a federal] officer . . . for or *relating to any act* under color of such office.'" 951 F.3d at 292 (emphasis added). "The ordinary meaning of the words 'relating to' is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Id.* (cleaned up). Congress thus "broadened federal officer removal to actions, not just *causally connected*, but alternatively *connected* or *associated*, with acts under color of federal office." *Id.*; *see also St. Charles Surgical Hosp., LLC v. La. Health Serv. & Indem. Co.*, 990 F.3d 447, 454 (5th Cir. 2021) ("In order to satisfy the 'acting under' requirement, a removing defendant need not show that its alleged conduct was precisely dictated by a federal officer's directive."). Here, that test is met, and Plaintiffs offer no argument otherwise. The challenged conduct is Tide Water's crude-oil production activities in its Venice field in Plaquemines Parish. Tide Water refined the crude oil that it produced in Venice to fulfill its government contracts for massive quantities of refined petroleum products to fight WWII. The production of the primary component of the contracted-for

refined petroleum products was amply "connected or associated with" Tide Water's actions under its federal government contracts.[13]

Plaintiffs argue in effect that *Plaquemines II* already decided this case. Pls. Mot. at 18. It did not. The defendants in that case did not refine the crude oil they produced in the field at issue in that case to fulfill government contracts for refined petroleum products. This Court expressly stated in *Plaquemines II* that "refineries, who had federal contracts and acted pursuant to those contracts, can likely remove under § 1442." *Plaquemines II*, 2022 WL 9914869, at *4 (cleaned up) (quoting *Riverwood*, 2022 WL 101401, at *7). Plaintiffs emphasize that this statement "does not extend to [parties] *not under **that** contractual direction*." Pls. Mot. at 18 (quoting *Plaquemines II*, 2022 WL 9914869, at *4) (emphasis added by Plaintiffs). But in this case, Tide Water, as a refiner under government contracts during WWII, *was under* "that contractual direction." Thus, Tide Water acted under federal officers; it can remove if, as Defendants here have shown, its challenged production activities were "connected or associated with" its fulfillment of its contracts for vast quantities of refined petroleum products to fight WWII. Put differently, it *does* matter that Tide Water's wartime production and refining to fulfill government contracts were "related."

---

[13] *See* Defs. Mem. In Support of Mot. for Reconsideration at 9–15, *Exchange* (ECF No. 59-1).

Defendants have thus made a "strong showing" that they were "acting under" a federal officer in this case. *See Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (per curiam). At the very least, a stay is warranted because "a serious legal question is involved," and Defendants "present a substantial case on the merits" and "show that the balance of equities weighs heavily in favor of granting the stay." *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (cleaned up).

## B.    The Balance of Harms Favors Defendants.

Defendants demonstrated that the balance of harms strongly favors them. If these cases proceed in state court, Defendants will lose their right to a federal forum, and the courts and the parties may incur unnecessary costs and expend time and resources that cannot be recouped. Plaintiffs will not be harmed by a stay pending appeal in this case. They retain the ability to pursue their claims in other cases that have been remanded, and indeed, have chosen *not* to press forward in several of those cases.[14]

---

[14] *See* Order and Reasons, *Plaquemines Par. v. Riverwood Prod. Co.*, No. 18-CV-5217 (E.D. La. Dec. 19, 2022), ECF No. 164 (ordering remand more than five months ago); Order and Reasons, *Plaquemines Par. v. Goodrich Petrol. Co.*, No. 18-CV-5238 (E.D. La. Feb. 15, 2023), ECF No. 79, (ordering remand more than three and a half months ago); Order, *Plaquemines Par. v. CasKids Operating Co.*, No. 18-CV-5262 (E.D. La. Feb. 15, 2023), ECF No. 59 (same); Order, *Plaquemines Par. v. LLOG Expl. & Prod. Co.*, No. 18-CV-5265 (E.D. La. Feb. 15, 2023), ECF No. 73 (same).

Plaintiffs denigrate Defendants' claimed harm from loss of a federal forum, but fail to recognize that Congress afforded unique protections to that right by authorizing those asserting federal officer jurisdiction to remove the case to federal court and to obtain interlocutory review if removal is denied. *See, e.g., Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (a chief purpose of federal-officer removal is to ensure federal officers and those who assist them "the protection of a federal forum"); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 295–96 (5th Cir. 2017).

Next, Plaintiffs assert that Defendants have not shown "irreparable harm" because the expenditures of time and money do not constitute such harm. Pls. Mot. at 19. Of course, Defendants are asserting non-monetary harm—their right to a federal forum for resolution of the claims challenging conduct under federal office. Numerous courts have found that the balance of harms favors defendants in these circumstances.[15] Moreover, here, the resources the courts and the parties would spend litigating in state court cannot be recovered in the remedial phase of a case. *Cf. Sampson v. Murray*, 415 U.S. 61, 90 (1974). As the District Court explained in declining to lift the stay pending appeal:

---

[15] *See, e.g., Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16cv534 (JCC/IDD), 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (citing cases and granting stay); *Citibank, N.A. v. Jackson*, No. 3:16-CV-712-GCM, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017); *Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1–2 (E.D. Mo. May 29, 2013).

[I]n the interest of judicial efficiency and the best use of the resources of parties on both sides, it simply makes most sense for the Fifth Circuit to rule on the merits of Defendants' jurisdictional appeal before this matter proceeds in state court: a finding by the Fifth Circuit that Defendants are entitled to federal officer jurisdiction, and the resulting reversal of this Court's remand order, would moot any state court proceedings and require that the parties essentially restart litigating the instant issues before the federal district court.[16]

Third, Plaintiffs claim that there is a strong public policy favoring the prompt advancement of cases involving allegations of environmental damage, implying that a stay is virtually never appropriate in such cases. No precedent supports that argument, and the traditional balance of harms test applies to stays in environmental cases as in all cases. *See*, *e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). In all events, a stay in this individual case would not prevent Plaintiffs from advancing their interests. Plaintiffs delayed *decades* before bringing this and the other cases related to it; moreover, they are pursuing these claims in a number of cases and have decided *not* to move forward in state court in multiple other related cases that have been remanded. Moreover, Plaintiffs have never responded to Defendants' showing that a stay will not impede ongoing remediation efforts under the current Comprehensive Master Plan for a Sustainable Coast.[17] The balance of harms thus strongly favors a stay pending appeal, and the District Court did not abuse its discretion in issuing one.

---

[16] *Exchange*, 2023 WL 3253651, at *2.

[17] *See e.g.*, *Destin*, ECF No. 94-1 at 18.

## CONCLUSION

The motion to lift and vacate stay order should be denied.


Dated: June 2, 2023                    Respectfully submitted,

                                       /s/ Peter D. Keisler
                                       PETER D. KEISLER
                                           Counsel of Record
                                       JENNIFER J. CLARK
                                       SIDLEY AUSTIN LLP
                                       1501 K Street, NW
                                       Washington, DC 20005
                                       Telephone: (202) 736-8000
                                       Facsimile: (202) 736-8011

                                       ALEXANDRA WHITE
                                       ERIC J. MAYER
                                       SUSMAN GODFREY L.L.P.
                                       1000 Louisiana Street, Suite 5100
                                       Houston, Texas 77002

                                       CHARLES S. MCGOWAN III
                                       PAMELA R. MASCARI
                                       KEAN MILLER LLP
                                       II City Plaza
                                       400 Convention St., Suite 700
                                       Post Office Box 3513 (70821)
                                       Baton Rouge, LA 70801

                                       MICHAEL R. PHILLIPS
                                       CLAIRE E. JUNEAU
                                       KEAN MILLER LLP
                                       909 Poydras Street, Suite 3600
                                       New Orleans, Louisiana 70112

                                       **Counsel for Chevron U.S.A. Inc. and
                                       Chevron U.S.A. Holdings Inc.**

GEORGE ARCENEAUX, III
LISKOW & LEWIS
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508

NANCY G. MILBURN
JENNIFER R. KWAPISZ
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

***Counsel for BP America Production
Company***

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type volume limitation of Fed. R. App. P. Rule 27(d)(2) because it contains 4,448 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the motion has been prepared in Times New Roman 14-point font using Microsoft Word.

June 2, 2023

/s/ Peter D. Keisler
Peter D. Keisler

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2023, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

June 2, 2023

/s/ Peter D. Keisler
Peter D. Keisler